

Signed and Filed: October 29, 2008

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 05-32933DM |
| JOHN A. and DANIELLE T. RYAN, | ) |
| | ) |
| Debtors. | ) Chapter 11 |
| | ) |
| NICKLOS CIOLINO, et al., | ) Adversary Proceeding |
| | ) No. 05-3428DM |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN A. RYAN, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| E. LYNN SCHOENMANN, | ) |
| | ) |
| Plaintiff-in-Intervention, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWRENCE CHAZEN, LAWRENCE J. CHAZEN | ) |
| REVOCABLE TRUST, WILLIAM STEWART, | ) |
| CRAIG JUDY, PATRICIA JUDY, LAWRENCE | ) |
| CAVALLINI, KATHY CAVALLINI and | ) |
| NICKLOS CIOLINO, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM DECISION REGARDING MOTION FOR SUMMARY JUDGMENT

Defendants Lawrence J. Chazen, individually and as trustee of
the Lawrence J. Chazen Revocable Trust (collectively "Chazen"),
move for summary judgment against Plaintiffs Nicklos Ciolino,
Charles Ciolino, Daniel Delorenzi, Robert Aguilar, and Stephen

-1-

Daniele (collectively the "Ciolino Parties") on their alleged

independent claim for conspiracy/aiding and abetting against

Chazen. Because there are no genuine issues of material fact in

dispute, and Chazen is entitled to summary judgment as a matter of

law, the Court hereby GRANTS Chazen's motion.

## I. FACTS[1]

This case has a long and contentious history. However, for

the purposes of this motion, the Court briefly recites only the

relevant facts. On January 28, 2005, the Ciolino Parties filed a

First Amended Complaint to Set Aside or Annul Fraudulent Transfers

and for Damages against several defendants, including Chazen, in

the Superior Court of the State of California, County of San

Mateo. The Ciolino Parties alleged that debtor John A. Ryan made

a number of fraudulent transfers of his assets to the other

defendants, and further asserted that all defendants, including

Chazen, conspired and/or aided and abetted in the wrongful conduct

to accomplish the transfers. After debtors John A. and Danielle

T. Ryan ("Debtors") filed their voluntary petition under Chapter

11[2] on September 7, 2005, the state court fraudulent transfer

action was removed to this Court on October 4, 2005, commencing

the instant adversary proceeding. The matter did not proceed

beyond initial disclosures, and Ms. E. Lynn Schoenmann was

---

[1] The following discussion constitutes the court's findings
of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

[2] Unless otherwise indicated, all chapter, section and rule
references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and
to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, as
enacted and promulgated prior to the effective date of The
Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,
Pub. L. 109-8, 119 Stat. 23.

-2-

appointed as Chapter 11 trustee ("Trustee") of the Debtors'
bankruptcy estate on February 14, 2006.

On September 9, 2007, pursuant to Rule 7024, the Trustee
filed a Motion and Complaint to Intervene in the adversary
proceeding brought by the Ciolino Parties to recover or avoid the
alleged fraudulent transfers by Debtors under section 544(b), and
Cal. Civ. Code §§ 3439.04(A), 3439.04(B), and 3439.05.  The
Ciolino Parties were not named in the Trustee's moving papers.
This Court granted Trustee's motion on October 17, 2007.

After the parties initially stated they would maintain a
status quo while awaiting the result of another matter on appeal
from this Court to the Ninth Circuit, Chazen apparently changed
course and filed a Motion for Summary Judgment on August 19, 2008.
During certain discovery disputes, the Ciolino Parties maintained
they hold a claim, independent from Intervener-Plaintiff Trustee,
against Chazen for conspiracy/aiding and abetting of the
fraudulent transfers.  In the motion, Chazen asserted that the
Ciolino Parties did not retain the conspiracy aspect of their
fraudulent transfer claim because: (1) California law does not
recognize conspiracy as an independent cause of action; and (2)
there was no evidence of a conspiracy between Chazen and the
Debtors.  A hearing on Chazen's motion was set for September 16,
2008.

Trustee filed a Rule 7056(f) motion on September 2, 2008,
seeking additional discovery against Chazen and Debtor John Ryan,
which served as a timely opposition to Chazen's motion.  This
Court granted Trustee's motion on September 12, 2008, and the
summary judgment hearing was rescheduled for December 19, 2008.

-3-

The Ciolino Parties did not file a timely opposition to Chazen's motion.  On September 24, 2008, counsel for the Ciolino Parties filed a Declaration in Support of Joinder in Trustee's 56(f) Motion, for Leave to File Opposition to Chazen's Motion for Summary Judgment, and Request for Hearing on Chazen's Motion for Summary Judgment on December 19, 2008.  Chazen filed a Response to the declaration on September 25, 2008.  Upon consideration of the pleadings filed by both parties, this Court denied the Ciolino Parties' counsel's declaration, and took under advisement whether as a matter of law Chazen was entitled to summary judgment on the Ciolino Parties's claim for conspiracy/aiding and abetting.

**II. ISSUE**

Do the Ciolino Parties have an independent claim for conspiracy/aiding and abetting against Chazen?

**III. DISCUSSION**

**A.    Summary Judgment Standard**

Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Rule 7056(c).

**B.    Violation Of California's Uniform Fraudulent Transfer Act Is Tortious Conduct Which Supports A Claim For Conspiracy or Aiding And Abetting.**

Some jurisdictions hold that a violation of the fraudulent transfer law does not constitute an independent tort.  Therefore, if civil conspiracy under state law requires an independent tort, then a conspiracy claim cannot be maintained in those jurisdictions where a violation of the fraudulent transfer laws does not constitute a tort.  However, California courts have held that a fraudulent transfer is tortious conduct, and an act for

-4-

which fellow conspirators can be held liable in connection therewith. <u>Filip v. Bucurenciu</u>, 129 Cal. App. 4th 825, 837 (3d. Dist. 2005)("In fraudulently transferring property, tortious conduct occurred."); <u>See</u> <u>In re B.L. Jennings, Inc.</u>, 373 B.R. 742 (Bankr. M.D. Fla. 2007)(violation of California's Uniform Fraudulent Transfer Act is tortious conduct that will support a conspiracy claim, relying on <u>Filip</u> decision).

Here, in their state court action, the Ciolino Parties pled "Conspiracy/Aiding and Abetting." California courts recognize that conspiracy and aiding and abetting are closely allied forms of liability. <u>Janken v. GM Hughes Elec.s</u>, 46 Cal. App. 4th 55, 78 (2d. Dist. 1996)("A conspiracy generally requires agreement plus an overt act causing damage. Aiding and abetting requires not agreement, but simply assistance. The common basis for liability for both conspiracy and aiding and abetting, however, is concerted wrongful action."). Therefore, the Court treats the Ciolino Parties' claim for conspiracy/aiding and abetting as one in the same.

**C.  California Law Does Not Recognize A Cause Of Action For Civil Conspiracy Or Aiding and Abetting.**

Under California law, there is no separate and distinct tort cause of action for civil conspiracy. <u>Allied Equip. Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal. 4th 503, 510-511 (1994). <u>See</u> <u>Filip</u> at 837 (under California law, civil conspiracy is not a cause of action but rather a theory of joint liability imposed on persons who, although not committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration); and <u>see</u> <u>Wyatt v. Union Mortgage Co.</u>, 24 Cal. 3d

-5-

1  773, 784 (1979)(holding same).

2      In other words, the gravamen or gist of the action for a
3  civil conspiracy is not the conspiracy itself, but the underlying
4  tort which, absent the conspiracy, would give rise to a right of
5  action.  Therefore, without the existence of an underlying tort, a
6  claim for conspiracy or aiding and abetting cannot stand.

7  **D.  Because Trustee Succeeded To The Underlying Tort Of**
       **Fraudulent Transfer, The Ciolino Parties Have No**
8      **Independent Claim for Conspiracy/Aiding And Abetting.**

9      Where a trustee has been appointed, she or he assumes
10  complete control of litigation concerning the bankruptcy estate.
11  Meyer v. Fleming, 327 U.S. 161, 165-166 (1946)(trustee has the
12  authority and discretion to initiate an action, pursue an action
13  previously initiated, intervene, settle or dismiss).

14      Section 544[3] commonly referred to as the "strong arm clause,"
15  allows a trustee to prosecute fraudulent transfer actions under
16  state law that could have been prosecuted by one of the debtor's
17  actual unsecured creditors.[4]  Although the Ciolino Parties are
18  presumably the creditors with grounds to avoid the alleged
19  fraudulent transfers against all defendants under California's
20  UFTA, the commencement of the bankruptcy case gave the Trustee the
21  right under section 544(b) to pursue that action to the exclusion
22  of all creditors.  See In re Berg, 376 B.R. 303, 311 (Bankr. D.

23  _____

24      [3] Section 544(b)(1) provides in relevant part, ". . .[T]he
    trustee may avoid any transfer of an interest of the debtor in
25  property . . . that is voidable under applicable law by a creditor
    holding an unsecured claim."
26

27      [4] To avoid the transfer from Debtors to the several
    defendants, Trustee relies on California's Uniform Fraudulent
28  Transfer Act ("UFTA"), the same statute invoked by the Ciolino
    Parties in their state court action.

                                -6-

Kan. 2007)(citing In re Integrated Agri, Inc., 313 B.R. 419, 427 (Bankr. C.D. Ill. 2004); and see Matter of Leonard, 125 F.3d 543 (7th Cir. 1997)(creditor who filed a prepetition UFTA suit against defendant who then filed Chapter 7, which suit was removed to bankruptcy court by the Chapter 7 trustee, had no continuing rights or interest in the suit).

Therefore, once Debtors filed their petition, the Trustee stepped into the shoes of the Ciolino Parties and was given the exclusive power to avoid the allegedly fraudulent transfers under California law against the defendants.

Even though the Ciolino Parties are no longer asserting the fraudulent transfer action, they continue to maintain that they have an independent claim for conspiracy/aiding and abetting. They do not. Because the Trustee succeeded to the cause of action to avoid the allegedly fraudulent transfers under section 544(b) and Cal. Civ. Code § 3439 et. seq., there is no underlying tort to support the conspiracy/aiding and abetting claim. Without the underlying tort of fraudulent transfer, under California law the Ciolino Parties have no independent claim against defendant Chazen for a conspiracy to commit, or aid and abet in, the tortious act of fraudulent transfer. See Filip supra.

Accordingly, as a matter of law, the Ciolino Parties have no independent claim for conspiracy or aiding and abetting against defendant Chazen, and Chazen is entitled to summary judgment.[5]

_____

[5] Since Trustee is the proper party to avoid the allegedly fraudulent transfers, it would appear to follow that she too is the proper party to assert the related claim for conspiracy/aiding and abetting. Trustee has not alleged a claim for conspiracy or aiding and abetting. However, even if she had, Trustee lacks

-7-

# IV. CONCLUSION

Therefore, based on the foregoing reasons, the Court GRANTS Chazen's Motion for Summary Judgment. A separate Order to that effect is being issued concurrently with this Memorandum Decision.

***END OF MEMORANDUM***

---

standing to assert such a claim. See In re Hamilton Taft & Co., 176 B.R. 895, 902 (Bankr. N.D. Cal. 1995) aff'd on other grounds, 114 F.3d 991 (9th Cir. 1997)(trustee is not authorized to pursue every action that creditors of the debtor might pursue, such as recover civil damages from those who conspire to transfer debtor's property to hinder, delay, or defraud creditor; section 544(b) permits trustee only to avoid a fraudulent transfer, not to assert a claim for aiding and abetting a fraudulent transfer.

-8-

COURT SERVICE LIST

T. Michael Turner, Esq.
236 West Portal Ave., #53
San Francisco, CA 94127

James F. Beiden, Esq.
840 Hinckley Rd., Ste. 245
Burlingame, CA 94010

Iain A. Macdonald, Esq.
Macdonald & Associates
Two Embarcadero Center, Ste. 1670
San Francisco, CA 94111

Laurie Hepler, Esq.
Carroll, Burdick & McDonough
44 Montgomery St., #400
San Francisco, CA 94104

Thomas F. Koegel, Esq.
Folger Levin & Kahn LLP
275 Battery St., 23rd Fl.
San Francisco, CA 94111

Michele L. McGill, Esq.
Law Offices of Michele L. McGill
220 Sansome St., 6th Fl.
San Francisco, CA 94104

Desmond B. Tuck, Esq.
Law Offices of Desmond B. Tuck
177 Bovet Rd., Ste. 600
San Mateo, CA 94402

Michael Mazzocone, Esq.
400 Montgomery St., Ste. 200
San Francisco, CA 94104

Michael D. Liberty, Esq.
Law Office of Michel D. Liberty
1290 Howard Ave., Ste. 303
Burlingame, CA 94010

                              -9-