

**Signed and Filed: October 29, 2008**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 05-32933DM
JOHN A. and DANIELLE T. RYAN,      )
                                   )
                    Debtors.       ) Chapter 11
_____)
NICKLOS CIOLINO, et al.,           ) Adversary Proceeding
                                   ) No. 05-3428DM
              Plaintiffs,          )
                                   )
v.                                 )
                                   )
JOHN A. RYAN, et al.,              )
                                   )
              Defendants.          )
_____)
E. LYNN SCHOENMANN,                )
                                   )
     Plaintiff-in-Intervention,    )
                                   )
v.                                 )
                                   )
LAWRENCE CHAZEN, LAWRENCE J. CHAZEN)
REVOCABLE TRUST, WILLIAM STEWART,  )
CRAIG JUDY, PATRICIA JUDY, LAWRENCE)
CAVALLINI, KATHY CAVALLINI and     )
NICKLOS CIOLINO, et al.,           )
                                   )
              Defendants.          )
_____)
```

MEMORANDUM DECISION REGARDING MOTION FOR SUMMARY JUDGMENT

Defendants Lawrence J. Chazen, individually and as trustee of the Lawrence J. Chazen Revocable Trust (collectively "Chazen"), move for summary judgment against Plaintiffs Nicklos Ciolino, Charles Ciolino, Daniel Delorenzi, Robert Aguilar, and Stephen

-1-

Daniele (collectively the "Ciolino Parties") on their alleged independent claim for conspiracy/aiding and abetting against Chazen. Because there are no genuine issues of material fact in dispute, and Chazen is entitled to summary judgment as a matter of law, the Court hereby GRANTS Chazen's motion.

## I. FACTS[1]

This case has a long and contentious history. However, for the purposes of this motion, the Court briefly recites only the relevant facts. On January 28, 2005, the Ciolino Parties filed a First Amended Complaint to Set Aside or Annul Fraudulent Transfers and for Damages against several defendants, including Chazen, in the Superior Court of the State of California, County of San Mateo. The Ciolino Parties alleged that debtor John A. Ryan made a number of fraudulent transfers of his assets to the other defendants, and further asserted that all defendants, including Chazen, conspired and/or aided and abetted in the wrongful conduct to accomplish the transfers. After debtors John A. and Danielle T. Ryan ("Debtors") filed their voluntary petition under Chapter 11[2] on September 7, 2005, the state court fraudulent transfer action was removed to this Court on October 4, 2005, commencing the instant adversary proceeding. The matter did not proceed beyond initial disclosures, and Ms. E. Lynn Schoenmann was

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, as enacted and promulgated prior to the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23.

-2-

appointed as Chapter 11 trustee ("Trustee") of the Debtors' bankruptcy estate on February 14, 2006.

On September 9, 2007, pursuant to Rule 7024, the Trustee filed a Motion and Complaint to Intervene in the adversary proceeding brought by the Ciolino Parties to recover or avoid the alleged fraudulent transfers by Debtors under section 544(b), and Cal. Civ. Code §§ 3439.04(A), 3439.04(B), and 3439.05. The Ciolino Parties were not named in the Trustee's moving papers. This Court granted Trustee's motion on October 17, 2007.

After the parties initially stated they would maintain a status quo while awaiting the result of another matter on appeal from this Court to the Ninth Circuit, Chazen apparently changed course and filed a Motion for Summary Judgment on August 19, 2008. During certain discovery disputes, the Ciolino Parties maintained they hold a claim, independent from Intervener-Plaintiff Trustee, against Chazen for conspiracy/aiding and abetting of the fraudulent transfers. In the motion, Chazen asserted that the Ciolino Parties did not retain the conspiracy aspect of their fraudulent transfer claim because: (1) California law does not recognize conspiracy as an independent cause of action; and (2) there was no evidence of a conspiracy between Chazen and the Debtors. A hearing on Chazen's motion was set for September 16, 2008.

Trustee filed a Rule 7056(f) motion on September 2, 2008, seeking additional discovery against Chazen and Debtor John Ryan, which served as a timely opposition to Chazen's motion. This Court granted Trustee's motion on September 12, 2008, and the summary judgment hearing was rescheduled for December 19, 2008.

-3-

1 The Ciolino Parties did not file a timely opposition to
2 Chazen's motion.  On September 24, 2008, counsel for the Ciolino
3 Parties filed a Declaration in Support of Joinder in Trustee's
4 56(f) Motion, for Leave to File Opposition to Chazen's Motion for
5 Summary Judgment, and Request for Hearing on Chazen's Motion for
6 Summary Judgment on December 19, 2008.  Chazen filed a Response to
7 the declaration on September 25, 2008.  Upon consideration of the
8 pleadings filed by both parties, this Court denied the Ciolino
9 Parties' counsel's declaration, and took under advisement whether
10 as a matter of law Chazen was entitled to summary judgment on the
11 Ciolino Parties's claim for conspiracy/aiding and abetting.

## II. ISSUE

Do the Ciolino Parties have an independent claim for conspiracy/aiding and abetting against Chazen?

## III. DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Rule 7056(c).

**B.  Violation Of California's Uniform Fraudulent Transfer Act Is Tortious Conduct Which Supports A Claim For Conspiracy or Aiding And Abetting.**

Some jurisdictions hold that a violation of the fraudulent transfer law does not constitute an independent tort.  Therefore, if civil conspiracy under state law requires an independent tort, then a conspiracy claim cannot be maintained in those jurisdictions where a violation of the fraudulent transfer laws does not constitute a tort.  However, California courts have held that a fraudulent transfer is tortious conduct, and an act for

-4-

which fellow conspirators can be held liable in connection therewith. <u>Filip v. Bucurenciu</u>, 129 Cal. App. 4th 825, 837 (3d. Dist. 2005)("In fraudulently transferring property, tortious conduct occurred."); <u>See</u> <u>In re B.L. Jennings, Inc.</u>, 373 B.R. 742 (Bankr. M.D. Fla. 2007)(violation of California's Uniform Fraudulent Transfer Act is tortious conduct that will support a conspiracy claim, relying on <u>Filip</u> decision).

Here, in their state court action, the Ciolino Parties pled "Conspiracy/Aiding and Abetting." California courts recognize that conspiracy and aiding and abetting are closely allied forms of liability. <u>Janken v. GM Hughes Elec.s</u>, 46 Cal. App. 4th 55, 78 (2d. Dist. 1996)("A conspiracy generally requires agreement plus an overt act causing damage. Aiding and abetting requires not agreement, but simply assistance. The common basis for liability for both conspiracy and aiding and abetting, however, is concerted wrongful action."). Therefore, the Court treats the Ciolino Parties' claim for conspiracy/aiding and abetting as one in the same.

**C. California Law Does Not Recognize A Cause Of Action For Civil Conspiracy Or Aiding and Abetting.**

Under California law, there is no separate and distinct tort cause of action for civil conspiracy. <u>Allied Equip. Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal. 4th 503, 510-511 (1994). <u>See</u> <u>Filip</u> at 837 (under California law, civil conspiracy is not a cause of action but rather a theory of joint liability imposed on persons who, although not committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration); and <u>see</u> <u>Wyatt v. Union Mortgage Co.</u>, 24 Cal. 3d

-5-

773, 784 (1979)(holding same).

In other words, the gravamen or gist of the action for a civil conspiracy is not the conspiracy itself, but the underlying tort which, absent the conspiracy, would give rise to a right of action. Therefore, without the existence of an underlying tort, a claim for conspiracy or aiding and abetting cannot stand.

**D. Because Trustee Succeeded To The Underlying Tort Of Fraudulent Transfer, The Ciolino Parties Have No Independent Claim for Conspiracy/Aiding And Abetting.**

Where a trustee has been appointed, she or he assumes complete control of litigation concerning the bankruptcy estate. Meyer v. Fleming, 327 U.S. 161, 165-166 (1946)(trustee has the authority and discretion to initiate an action, pursue an action previously initiated, intervene, settle or dismiss).

Section 544[3] commonly referred to as the "strong arm clause," allows a trustee to prosecute fraudulent transfer actions under state law that could have been prosecuted by one of the debtor's actual unsecured creditors.[4] Although the Ciolino Parties are presumably the creditors with grounds to avoid the alleged fraudulent transfers against all defendants under California's UFTA, the commencement of the bankruptcy case gave the Trustee the right under section 544(b) to pursue that action to the exclusion of all creditors. See In re Berg, 376 B.R. 303, 311 (Bankr. D.

---

[3] Section 544(b)(1) provides in relevant part, ". . .[T]he trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim."

[4] To avoid the transfer from Debtors to the several defendants, Trustee relies on California's Uniform Fraudulent Transfer Act ("UFTA"), the same statute invoked by the Ciolino Parties in their state court action.

-6-

Kan. 2007)(citing In re Integrated Agri, Inc., 313 B.R. 419, 427 (Bankr. C.D. Ill. 2004); and see Matter of Leonard, 125 F.3d 543 (7th Cir. 1997)(creditor who filed a prepetition UFTA suit against defendant who then filed Chapter 7, which suit was removed to bankruptcy court by the Chapter 7 trustee, had no continuing rights or interest in the suit).

Therefore, once Debtors filed their petition, the Trustee stepped into the shoes of the Ciolino Parties and was given the exclusive power to avoid the allegedly fraudulent transfers under California law against the defendants.

Even though the Ciolino Parties are no longer asserting the fraudulent transfer action, they continue to maintain that they have an independent claim for conspiracy/aiding and abetting. They do not.  Because the Trustee succeeded to the cause of action to avoid the allegedly fraudulent transfers under section 544(b) and Cal. Civ. Code § 3439 et. seq., there is no underlying tort to support the conspiracy/aiding and abetting claim.  Without the underlying tort of fraudulent transfer, under California law the Ciolino Parties have no independent claim against defendant Chazen for a conspiracy to commit, or aid and abet in, the tortious act of fraudulent transfer.  See Filip supra.

Accordingly, as a matter of law, the Ciolino Parties have no independent claim for conspiracy or aiding and abetting against defendant Chazen, and Chazen is entitled to summary judgment.[5]

---

[5] Since Trustee is the proper party to avoid the allegedly fraudulent transfers, it would appear to follow that she too is the proper party to assert the related claim for conspiracy/aiding and abetting.  Trustee has not alleged a claim for conspiracy or aiding and abetting.  However, even if she had, Trustee lacks

## IV. CONCLUSION

Therefore, based on the foregoing reasons, the Court GRANTS Chazen's Motion for Summary Judgment. A separate Order to that effect is being issued concurrently with this Memorandum Decision.

***END OF MEMORANDUM***

---

standing to assert such a claim. See In re Hamilton Taft & Co., 176 B.R. 895, 902 (Bankr. N.D. Cal. 1995) aff'd on other grounds, 114 F.3d 991 (9th Cir. 1997)(trustee is not authorized to pursue every action that creditors of the debtor might pursue, such as recover civil damages from those who conspire to transfer debtor's property to hinder, delay, or defraud creditor; section 544(b) permits trustee only to avoid a fraudulent transfer, not to assert a claim for aiding and abetting a fraudulent transfer.

COURT SERVICE LIST

T. Michael Turner, Esq.
236 West Portal Ave., #53
San Francisco, CA 94127

James F. Beiden, Esq.
840 Hinckley Rd., Ste. 245
Burlingame, CA 94010

Iain A. Macdonald, Esq.
Macdonald & Associates
Two Embarcadero Center, Ste. 1670
San Francisco, CA 94111

Laurie Hepler, Esq.
Carroll, Burdick & McDonough
44 Montgomery St., #400
San Francisco, CA 94104

Thomas F. Koegel, Esq.
Folger Levin & Kahn LLP
275 Battery St., 23rd Fl.
San Francisco, CA 94111

Michele L. McGill, Esq.
Law Offices of Michele L. McGill
220 Sansome St., 6th Fl.
San Francisco, CA 94104

Desmond B. Tuck, Esq.
Law Offices of Desmond B. Tuck
177 Bovet Rd., Ste. 600
San Mateo, CA 94402

Michael Mazzocone, Esq.
400 Montgomery St., Ste. 200
San Francisco, CA 94104

Michael D. Liberty, Esq.
Law Office of Michel D. Liberty
1290 Howard Ave., Ste. 303
Burlingame, CA 94010

-9-